**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamara L. Warren, ) | No. CV-06-1241-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Arizona Lizanatay, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The court has before it defendant's motion to enforce a settlement agreement and motion to dismiss (doc. 9), plaintiff's response (doc. 13), and defendant's reply (doc. 14). Plaintiff, a waitress at defendant's restaurant, filed this Title VII action alleging that she was sexually harassed by her supervisor and then terminated when she reported the harassment. Through her counsel, plaintiff offered in writing to settle the matter "for one year's salary" plus $2,000 in attorney's fees. Defendant's attorney responded in writing "accept[ing] the settlement offer." Defendant's attorney then prepared a Settlement Agreement and Release, providing for a total payment to plaintiff of $7,003.47, including $5,003.47 as the annualized amount paid by defendant to plaintiff at a rate of $2.17 an hour, plus $2,000 in attorney's fees. Plaintiff's counsel immediately objected to the salary calculation, asserting that the offer to settle for one year's salary was intended to include tips at an average rate of $9.00 an hour, for a total settlement amount of $24,380.

1  Defendant moves to enforce a settlement agreement, although no notice of settlement
2 has been filed with the court.  The parties entered into settlement negotiations, indicated a
3 mutual desire to settle, and began negotiating specific terms of the agreement.  The
4 negotiations broke down once a written settlement agreement was proposed.  Although
5 plaintiff suggested payment of "one year's salary," the parties have vastly different
6 interpretations of that term.  "Salary" is generally defined as "[a]n agreed compensation for
7 services–esp[ecially] professional or semiprofessional services–usu[ally] paid at regular
8 intervals on a yearly basis, as distinguished from an hourly basis."  Black's Law Dictionary
9 1364 (8th ed. 2004).  Therefore, the term "salary" fits neither parties' contention.  Plaintiff's
10 position is flawed because tips are not an agreed compensation paid at regular intervals and
11 defendant's position is flawed because it paid plaintiff on an hourly basis.  While we have the
12 inherent power to enforce an agreement to settle a case pending before us, we "may enforce
13 only complete settlement agreements."  Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)
14 (emphasis in original).  Here, there was no meeting of the minds with respect to a material
15 term of the agreement, specifically the settlement amount.  Therefore, there is no settlement
16 to enforce.

17  Accordingly, **IT IS ORDERED DENYING** defendant's motion to enforce a
18 settlement agreement and motion to dismiss (doc. 9).  Defendant shall file its answer within
19 fifteen days of the docketing of this order.

20  DATED this 24th day of August, 2006.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge